EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ROQUE MÉNDEZ SANTIAGO, acusado y apelante.

Núm. 8905.—*Sometido:* Diciembre 4, 1941. *Resuelto:* Diciembre 12, 1941.

*Juan Lastra,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Contra el acusado apelante se formuló denuncia por el delito de tener en su posesión y dominio un revólver sin declararlo por escrito al Jefe de la Policía de San Juan, que es el distrito en donde tiene su residencia el acusado. Convicto y sentenciado a la pena de seis meses de prisión, no estuvo conforme e interpuso el presente recurso. Y para sostenerlo alega que la corte sentenciadora erró al declarar sin lugar la moción de *nonsuit,* al apreciar la prueba y al declarar probado el *corpus delicti,* sin que tuviera ante sí evidencia alguna "que conectara al acusado con la agencia criminal."

De la evidencia presentada por el fiscal aparece que en la noche del 16 de marzo de 1941, los policías Astol Calero y Carlos F. Patterne, al ser avisados de que en la casa del acusado había ocurrido un suceso, acudieron a dicha casa y encontraron allí a la madre, la esposa, una hijita y un hermano del acusado, quien también se encontraba allí; que al ver a los policías, el acusado les dijo que había sostenido una discusión acalorada con su esposa a causa del novio que tenía la hija, a quien él no quería, y en un arrebato de cólera con un revólver que tenía le hizo un disparo; que como con-

secuencia de los disparos resultaron heridos la esposa del acusado en ambos muslos y el hermano del acusado con una herida con orificio de entrada y salida en el dorso de la mano derecha; que el acusado le declaró voluntariamente a la policía que cuando él llegó a su casa encontró allí a su esposa, a su hija y al novio de ésta, por lo cual se armó una discusión, y que él fué a buscar un revólver a una tienda que tiene y regresó a la casa y el novio al verlo voló por una ventana; que él se volvió loco y disparó tiros, hiriendo a su mujer y a su hermano que trató de intervenir, y que su hermano se llevó el revólver; que el acusado repitió esas mismas manifestaciones en el cuartel de la policía; y, por último, que en los registros de la Policía de San Juan no aparece inscrito revólver alguno a nombre del acusado.

La prueba de la defensa se limitó al testimonio de la esposa del acusado. Ésta declaró que fué herida; que le tiraron con un revólver, pero que no sabe si sería el acusado o quién sería, porque no vió a nadie.

La prueba es a nuestro juicio suficiente para sostener la sentencia recurrida. Todos los testigos, incluso la esposa del acusado, estuvieron contestes en que allí se hicieron disparos de revólver y que dos personas resultaron heridas de bala.

La corte inferior no erró al declarar que se habían establecido todos los elementos del *corpus delicti.* El primer elemento, la existencia de cierto acto o resultado que constituye la base de una acusación criminal, o sea la posesión y uso ilegal de un revólver por el acusado quedó claramente establecido por las admisiones y declaraciones hechas voluntariamente por el acusado a los policías, las cuales eran admisibles en su contra, habiendo sido corroboradas dichas admisiones por el testimonio de los dos policías, quienes declararon que al llegar a la casa del acusado encontraron allí dos personas heridas de bala, y por la declaración de la esposa del acusado. El segundo elemento, o sea el hecho

de no haberse registrado el revólver, quedó suficientemente probado por la declaración del Jefe de la Policía Insular de San Juan.

*La sentencia recurrida debe ser confirmada.*